Matter of Cannavo v Olatoye (2018 NY Slip Op 03740)





Matter of Cannavo v Olatoye


2018 NY Slip Op 03740


Decided on May 24, 2018


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on May 24, 2018

Friedman, J.P., Gische, Andrias, Kern, Oing, JJ.


6648 159126/16

[*1]In re John J. Cannavo, Petitioner-Appellant,
v
Shola Olatoye, etc., et al., Respondents-Respondents.


Sullivan Papain Block McGrath & Cannavo P.C., New York (Vito A. Cannavo of counsel), for appellant.
Kelly D. MacNeal, New York (Nabiha Rahman of counsel), for respondents.



Order and judgment (one paper), Supreme Court, New York County (Joan B. Lobis, J.), entered on or about May 22, 2017, denying the petition to annul respondents' determination, dated August 5, 2016, which denied petitioner's application for reinstatement to his former position with respondent New York City Housing Authority (NYCHA), and dismissing the proceeding brought pursuant to CPLR article 78, unanimously affirmed, without costs.
The article 78 court correctly determined, upon consideration of all the facts, that respondents' denial of petitioner's application for reinstatement to his former position with NYCHA was not arbitrary and capricious or an abuse of discretion (see Matter of Roberts v Gavin, 96 AD3d 669, 671 [1st Dept 2012]). Despite petitioner's previous position as a "civil service" employee with the New York City Department of Housing Preservation and Development (HPD), when he was hired by NYCHA in 1996, it was in a non-competitive position that was not eligible for civil service status, as NYCHA's records reflect. Upon a review of records kept by HPD, NYCHA, and the Department of Citywide Administrative Services, respondents determined that petitioner's civil service status had not been formally transferred from HPD to NYCHA, and, since only those who have civil service status are eligible for reinstatement following retirement, rationally concluded that petitioner was not eligible for reinstatement.
While petitioner claims that certain NYCHA documents — including a notification of appointment and performance reviews he received in 1996 — reflect that he maintained his competitive civil service status, the record shows that he subsequently had many conversations with Human Resources and took actions to obtain a formal transfer. Moreover, attached to the petition is a 1996 memo from Human Resources informing petitioner that he did not, in fact, possess this status. As the court found, this is not a rare or extraordinary case in which the doctrine of estoppel or laches should be applied against a government agency (see Matter of New York State Med. Transporters Assn. v Perales, 77 NY2d 126, 130 [1990]).
We have considered petitioner's remaining contentions and find them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: MAY 24, 2018
CLERK